The State v. Hardenburgh.

---

THE STATE OF KANSAS v. JOHN G. HARDENBURGH.

No. 15,206   (90 Pac. 1133.)

CRIMINAL LAW—*Acquittal—Appeal.* The rule applied that when the defendant in a criminal case has been discharged under such circumstances as to amount to an acquittal no appeal lies on behalf of the state.

Appeal from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed May 11, 1907. Dismissed.

*Fred S. Jackson,* attorney-general, *Fred W. Sturges, jr.,* county attorney, and *Park B. Pulsifer,* for The State.

*Per Curiam:* John G. Hardenburgh was prosecuted in the district court of Cloud county upon an informa-tion charging embezzlement. A jury was impaneled and the state's evidence introduced. Then the defendant's attorney filed what was called a demurrer to the evidence—in effect a motion for a peremptory instruction to acquit. The court refused to direct a verdict, but dismissed the jury and discharged the defendant from custody upon the ground that although the evidence was otherwise sufficient to support the information it did not show that the offense charged had been committed in Cloud county.

The state appeals, and asks a decision of the question whether under the evidence the action was brought in the proper county. No determination of this question can be made here, for this court has nothing upon which to act. The discharge of the jury under the circumstances was of course equivalent to a verdict of not guilty, and exempted the defendant from any further prosecution in the same case or upon the same charge. Therefore no real controversy remains to be decided. Any opinions expressed on the subject would be voluntary and futile. Under the authority of *The State v. Lee,* 49 Kan. 570, 31 Pac. 147, and the cases there cited, the appeal must be dismissed.